UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

ANNA ORTEGA                                CASE NO.  2:25-CV-00653

VERSUS                                     JUDGE JAMES D. CAIN, JR.

P N K LAKE CHARLES L L C                   MAGISTRATE JUDGE DAVID J. AYO

MEMORANDUM ORDER

Before the court is a Motion for Adverse Inference [doc. 34], filed by plaintiff Anna

Ortega. Defendant PNK Lake Charles LLC ("PNK") opposes the motion. Doc. 38.

I.
BACKGROUND

This suit arises from plaintiff's stay at L'Auberge Casino Resort, a hotel owned by

defendant in Lake Charles, Louisiana. Doc. 1, att. 2. Plaintiff was a guest of the hotel on

February 11, 2024. While she was taking a shower, a plumbing defect allegedly caused the

water to become scalding hot in a brief time. Doc. 25, att. 1, pp. 11–12. She testified that

she used her leg to turn off the water. *Id.* She filed an incident report with the hotel that

day, in which she complained of "injury on right arm and back." Doc. 23, att. 4. Plaintiff

filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana, on January 31,

2025, raising claims against defendant under Louisiana law. Doc. 1, att. 2. There she

alleged, in relevant part:

> While taking a shower, a defect in the plumbing caused the water to
> turn dangerously hot extremely quickly. In the time it took the Plaintiff to

turn on the water and test for warmth, to then step into the shower, the water had become scalding hot and caused a large second degree burn on Plaintiff's lower left leg, which was the first part of her body that she put in contact with the water.

Doc. 1, att. 2, ¶ 6.

Defendant removed the matter to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. The case is set for jury trial before the undersigned on August 17, 2026. Doc. 16. Plaintiff now moves for an adverse inference based on PNK's alleged failure to preserve relevant parts of the hot water heating and delivery system implicated by her allegations. Doc. 34. PNK opposes the motion. Doc. 38.

## II.
### LAW & APPLICATION

#### A. Governing Law

"The spoliation of evidence doctrine governs the intentional destruction of evidence. If a party intentionally destroys evidence, the trial court may exercise its discretion to impose sanctions on the responsible party." *Coastal Bridge Co., L.L.C. v. Heatec, Inc.*, 833 F. App'x 565, 573 (5th Cir. 2020). When alleging spoliation, a party must show that the opposing party "intentionally destroyed the evidence for the purpose of depriving opposing parties of its use." *Id.* Accordingly, the Fifth Circuit allows an adverse inference for spoliation "only upon a showing of bad faith or bad conduct." *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015).

"A spoliation claim has three elements: (1) the spoliating party must have controlled the evidence and been under an obligation to preserve it at the time of destruction; (2) the evidence must have been intentionally destroyed; and (3) the moving party must show that

the spoliating party acted in bad faith." *Coastal Bridge Co., L.L.C.*, 833 F. App'x at 574. When seeking the sanction of an adverse-inference instruction based on spoliation of evidence, the seeking party must establish that "(1) the party with control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a culpable state of mind; and (3) the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Id.*

### B. Application

First, the Court must determine whether the spoliating party was under an obligation to preserve the relevant evidence. The Fifth Circuit has previously held that a party has a duty to preserve evidence when it reasonably should have anticipated litigation. *Coastal Bridge Co., L.L.C.*, 833 F. App'x at 574. Plaintiff's counsel argues that PNK's objections to producing the early claims notes confirm that PNK reasonably anticipated litigation and therefore triggered the obligation to preserve the evidence starting on February 11, 2024. Doc. 34-2.

Second, the Court must determine whether the spoliating party acted with a culpable state of mind. "The potential levels of culpability range from no culpability to bad faith, with intervening levels including negligence, gross negligence, and willfulness." *Coastal Bridge Co., L.L.C.*, 833 F. App'x at 574. "A party seeking sanctions is not entitled to an adverse inference instruction unless that party can show that its adversary intentionally and in bad faith disposed of the evidence." *Id.*

Plaintiff fails to show PNK acted in bad faith in replacing the hot water system that supplied water to the plaintiff's shower. There is no evidence that the system was removed and replaced to deprive the plaintiff of the opportunity to inspect it. This court has held that a spoliating party's conduct amounts to negligence, at worst, when the party alleging spoliation failed to inspect the relevant evidence within more than a year of the incident and possessed other evidence of the area's condition. *B&J Inc. v. Marmac, LLC*, 2022 WL 15085653, at \*9 (W.D. La. Oct. 25, 2022) (citing *Knott v. Lowe's Home Ctrs. LLC*, 2021 WL 1877377, at \*3 (W.D. La. May 10, 2021)). In February 2026, Joe Racca, PNK's corporate representative, testified that the system remodel was finished on September 10, 2025, and took about one year to complete. Doc. 25, att. 8, p. 35. During the approximately nineteen months between the incident and the completion of the renovation, the plaintiff never requested an inspection and only did so after Mr. Racca testified in February 2026 about the system remodel. Doc. 38., p. 3.  Furthermore, the plaintiff was in possession of pictures and an incident report from the day of the alleged injury. Doc. 25, att. 11, p. 8, 55. Negligence alone is not sufficient to support imposing sanctions for spoliation. *Coastal Bridge Co., L.L.C.*, 833 F. App'x at 574. The evidence indicates that the defendant replaced and disposed of the original water heating system due to guest complaints and an aging system rather than to suppress the truth. Doc. 25, att. 8, p. 66.

Finally, the court must determine whether the destroyed evidence was relevant to the party's claim. This final factor is subject to the following subparts: "(1) whether the evidence is relevant to the lawsuit; (2) whether the evidence would have supported the inference sought; and (3) whether the non-destroying party has suffered prejudice from the

destruction of the evidence." *Knott*, 2021 WL 1877377, at *3 (quoting *Consol. Aluminum Corp. v. Alcoa, Inc.*, 244 F.R.D. 335 (M.D. La. 2006)). Here, the spoliated evidence is the parts of the broken or malfunctioning hot water system, including the pressure balancing unit and mixer valve. Plaintiff contends that the destruction of the evidence now makes it impossible to determine what the temperature of the reheat was set to at the time of the incident. Defendant acknowledges that the plaintiff was exposed to hot water because the pressure balancing unit ("PBU") in the shower assembly of her room failed. Doc. 38, p. 1. Mr. Racca's testimony explained that the "PBU" functions by regulating the pressure, rather than the temperature, of the water. Doc. 25, att. p. 37. He also testified that the reheat system thermostat was set between 120 and 125. Doc. 25, att. 8, p. 24. The plaintiff fails to explain how the original hot water system would support an adverse inference and has not shown sufficient prejudice by its loss.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that plaintiff's Motion for Adverse Inference [doc. 34] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 13th day of July, 2026.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**