**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **ANNA ORTEGA** | **CASE NO.  2:25-CV-00653** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **P N K LAKE CHARLES L L C** | **MAGISTRATE JUDGE DAVID J. AYO** |

**<u>MEMORANDUM ORDER</u>**

Before the court is a Motion in Limine [doc. 31] filed by plaintiff Anna Ortega. Defendant PNK Lake Charles LLC ("PNK") opposes the motion. Doc. 36.

**I.**
**BACKGROUND**

This suit arises from plaintiff's stay at L'Auberge Casino Resort, a hotel owned by defendant in Lake Charles, Louisiana. Doc. 1, att. 2. Plaintiff was a guest of the hotel on February 11, 2024. While she was taking a shower, a plumbing defect allegedly caused the water to become scalding hot in a brief time. Doc. 25, att. 1, pp. 11–12. Plaintiff filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana, on January 31, 2025, raising claims against defendant under Louisiana law. Doc. 1, att. 2. There she alleged, in relevant part:

> While taking a shower, a defect in the plumbing caused the water to turn dangerously hot extremely quickly. In the time it took the Plaintiff to turn on the water and test for warmth, to then step into the shower, the water had become scalding hot and caused a large second degree burn on Plaintiff's lower left leg, which was the first part of her body that she put in contact with the water.

Doc. 1, att. 2, ¶ 6.

PNK removed the matter to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. The case is set for jury trial before the undersigned on August 17, 2026. Doc. 16.

Plaintiff now brings this motion in limine, seeking to exclude photographs produced by PNK before its 30(b)(6) deposition of the new hot water system. Doc. 31. Plaintiff maintains that these photographs, some of which show the thermometers and their readings, are likely to confuse or mislead the jury. PNK opposes the motion, arguing that the risk of unfair prejudice is minimal and that the photographs are probative of how water temperature was checked. Doc. 36.

**II.**
**LAW & APPLICATION**

### A. Governing Law

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on

Page 2 of 3

the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

## B. Application

Plaintiff seeks to exclude photographs of the new hot water system, arguing that the post-renovation thermometers are irrelevant and that the jury may be confused that depictions of same show the temperature of the water on the day of plaintiff's alleged injury. PNK maintains that these photographs establish how its hot water system was set up and how water temperatures were checked. Moreover, it asserts, there is no legitimate risk of jury confusion because it will clearly communicate to the jury that the photographs were taken on a later date and depict different reheating units. The court agrees that the risk of unfair prejudice is minimal, and that these images may be probative of PNK's ability to monitor the water temperature at the time of the incident. Accordingly, there is no basis for exclusion.

## III.
### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion in Limine [doc. 31] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 15th day of July, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

Page 3 of 3